IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORZY LATIPOV and UMAR NAZAROV, individually and on behalf of all others similarly situated., <br><br> Plaintiffs, <br><br> v. <br><br> AN ENTERPRISE, INC. and KOSTADINKA ZAGORSKA, <br><br> Defendant. | Case No. 23-cv-01859 <br><br> Judge Mary M. Rowland |

## ORDER

Defendants AN Enterprise, Inc. and Kostadinka Zagorska move this Court to reconsider its ruling granting Plaintiffs' motion for conditional class certification. [44]. For the following reasons, Defendants' motion is denied.

I. **Background**

On June 21, 2023, Plaintiffs filed a motion to conditionally certify a class of similarly situated truck drivers who made deliveries for Defendants. [21]. Shortly thereafter, Defendants moved to dismiss Plaintiffs' complaint for failure to state claim. [23]. On February 7, 2024, the Court granted to conditionally certify, finding that Plaintiffs had made the "modest factual showing" required at the first stage of certification to show that the drivers were similarly situated and subject to common policies. [43]. The Court also denied Defendants' motion to dismiss. *Id*. A more

1

detailed account of the facts behind both motions can be found in this Court's opinion. *Id.*

## II. Standard

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

## III. Analysis

Defendants argue for reconsideration based on: a) the Court's reliance on incorrect facts and b) the deposition testimony of named Plaintiffs. These arguments are not persuasive.

Defendants take issue with the factual allegations cited by the Court in its description of Plaintiffs' working conditions. In particular Defendants highlight the Court's statements that: Plaintiffs worked as "delivery drivers," Plaintiff signed an "employment lease agreement," drivers reported to AN facilities located in Illinois, drivers wore uniforms, AN prescribed delivery routes and times, AN tracked drivers and communicated via phone, drivers were paid a prescribed rate per load, and that drivers paid "safety deposits" that AN did not refund.

The Court acknowledges that it inaccurately cited select allegations in recounting certain facts. The fact that AN had a dress code requirement, for example, came from the Plaintiffs' sworn declarations in support of the motion for conditional certification, [22-4] ¶ 11, as opposed to the amended complaint, [17], and the Court's citation did not reflect this. In other places, the Court admittedly misread the complaint, *i.e.* that Plaintiffs signed an "employment lease agreement" as opposed to a "lease agreement," [17] ¶ 11; that drivers virtually checked in with AN staff located in Illinois (as opposed to physically reporting to the AN facility), *id.* ¶ 34b., and that drivers' non-refundable payments were deemed "escrow deposits" as opposed to "safety deposits." *Id.* ¶ 23.

As for other disputed facts, though, Defendants' arguments amount to different interpretations of facts relied on by the Court, not actual contradictions. Contrary to Defendants' position, Plaintiffs alleged in the amended complaint that AN prescribed the order and timing of deliveries, [17] ¶ 34c., and tracked drivers via GPS and through phone check-ins. *Id.* ¶ 34d. AN also paid drivers based on a predetermined

3

rate that varied by load. *Id.* ¶ 20. The Court takes these well-pled allegations as true at this stage and declines to rehash these facts.

In all, Defendants' arguments do not rise to the level of "manifest errors of fact" that compel a different result. Not only is the bar for a motion to reconsider high, but as the Court laid out in its opinion, the standard for granting conditional class certification is relatively "lenient." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1133 (N.D. Ill. 2017). Even without the misstated facts, Plaintiffs successfully made a "modest factual showing," *Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008), that they and other opt-in plaintiffs were similarly situated and subject to a common policy. The totality of Plaintiffs' factual allegations demonstrated that they drove under contract with AN, AN regularly made paycheck deductions or else failed to reimburse certain expenses, and those practices reduced Plaintiffs' pay below the federal minimum wage. Defendants can dispute these factual assertions, but they do not meaningfully challenge the Court's findings.

Next, Defendants argue that the Court failed to take notice of named Plaintiffs' depositions. Defendants contend Latipov and Nazaov gave deposition testimony that that contradicted certain allegations in the amended complaint, as well as their declarations in support of class certification.[1] The Court reminds Defendants that at

---

[1] For example, Defendants assert that Nazarov testified that he has never been a "delivery driver" and that he exercised a degree of control over his selection of loads and routes. However, Nazarov also testified in the same deposition that "dispatchers would send me information [about shipments] by text message . . . they would give it to me and I would work." [30-2], Nazarov Dep. 44:24-45:5. He added that once he agreed to drive a load, dispatchers would tell him "[w]here it's coming from and where its' going, the amount, what time it's supposed to be picked up and what time it's supposed to be delivered." *Id.* 47:19-22. This testimony directly supports Plaintiffs' contention that they worked as drivers to deliver loads for AN.

step one of class certification, courts do not resolve factual disputes. *Williams v. TopHat Logistical Sols., LLC*, 23 C 1573, 2023 WL 8190366 (N.D. Ill. Nov. 27, 2023), at *7. 855–56 (N.D. Ill. 2013). The Court will only weigh Defendants' competing evidence at the merits stage. At this stage, this Court is merely allowing Plaintiffs "the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (internal citations omitted). Defendants will have more opportunities to raise factual disputes as the case moves forward.

## **CONCLUSION**

For the stated reasons, Defendants' motion to reconsider [44] is denied. Notification of opt-in plaintiffs to proceed as ordered [43] and modified at the status hearing on March 12, 2024. [56].

E N T E R:

Dated: March 27, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

5