**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ORZY LATIPOV and UMAR NAZAROV, individually & on behalf of others similarly situated, | |
| Plaintiffs | Case No.; 1:23-CV-01859 |
| v. | Hon. Judge Sunil R. Harjani |
| AN ENTERPRISE INC., and KOSTADINKA ZAGORSKA, | |
| Defendants. | |

**MOTION FOR ORDER ENJOINING PLAINTIFFS FROM CONTINUED VIOLATION
OF COURT ORDER AND FOR OTHER RELIEF**

Now Come the Defendants AN Enterprise Inc. and Kostadinka Zagorska, by and through

their attorneys Blitch Westley Barrette S.C., and Defendants hereby move this Honorable Court

for an Order Enjoining Plaintiffs From Continued Violation of Court Order and for Other Relief.

In support of this Motion, Defendants state as follows:

**I.      INTRODUCTION:**

On February 7, 2024, Judge Mary Rowland entered a Memorandum Opinion and Order

granting Plaintiffs' Motion for Conditional Class Certification, among other things. In granting the

motion, the Court approved Plaintiffs' proposed opt-in Notice and Consent Form and specified the

method and means of delivery as follows:

(4) The Court authorizes that the Notice and Consent Form submitted as Exhibits
A and B to Plaintiffs' motion [22] may be sent to those individuals whose names
are being provided as required by this Order along with a self-addressed, postage
paid return envelope for U.S. Postal Mailing. The Notice and Consent forms shall
be mailed by first class mail and may also be sent electronically in the manner

described above. The Court authorizes Notices to be sent via text message if and only if both email Notices and mailed Notices are returned undeliverable.

(5) Opt-in collective members are given 90 days after the date the Notice and Consent forms are mailed to file a Consent to Join form opting-in to this litigation. Halfway through the 90-day period, a reminder notice shall issue to Collective Members who have not yet returned Consent to Join Forms, via reminder postcard, email, and text message.

[Dkt. No. 43, p. 16]

In compliance with Judge Rowland's Order, on February 21, 2024, Defendants provided Plaintiffs' counsel with a list of names, addresses, and phone numbers of over two hundred individuals. Each of the named persons operated or had operated a truck under AN Enterprise's Federal motor carrier authority during the time period June 21, 2020 through June 21, 2023. Plaintiffs assert that they sent out the Court-approved Notice and Consent forms to each of the individuals on the list on February 26, 2024.

On March 8, 2024, Plaintiffs filed a Motion for Supplemental Notice seeking permission to issue a new Notice and Consent Form translated into the Russian language. [Dkt. 53] At the time they filed the Motion for Supplemental Notice, Plaintiffs had only received limited response to their original Notice.

On March 12, 2024, Judge Rowland held an in-person hearing. During the hearing, the Court granted Plaintiffs' Motion and approved Plaintiffs' request to issue the Notice and Consent Form in Russian after the Defendant had an opportunity to verify the translation. [Dkt. 56] Plaintiffs issued the Russian-language Notice and Consent Form on March 25, 2024.

After having received only nine (9) responses to Plaintiffs' Opt-in Notice and Consent as of April 12, 2024, Plaintiffs' attorneys began sending text messages to the individuals contained on the list provided by AN Enterprise. (See Certifications of Petar Petrov, Petko Divekov, and Ulmar Sharopov attached hereto as Exhibit "1", "2" and "3".) The text messages state as follows:

2

These text messages egregiously violate the Court's order in several different ways:

(1) Judge Rowland clearly stated that Notices were "to be sent via text message *if and only if* both email Notices and mailed Notices are returned undeliverable." Defendants are aware that text messages were sent to several drivers who had earlier received mail and/or several e-mail messages from Plaintiffs' attorneys.

(2) The content of the text message is not Court-approved, misstates the law, and mischaracterizes the content of the Court-approved notice in that it invites the recipient to join Plaintiffs' FLSA lawsuit if the recipient was "a delivery driver and independent contractor for AN Enterprise…"

(3) When the recipient clicks on the link contained in the text message, it takes the recipient to a "SignNow" document containing only the Consent Form but not containing the court-approved Notice, and it presents the recipient with the option of viewing the form in approximately 10 -15 different languages (which the Plaintiffs clearly did not receive permission from the Court to do.)

## II. THIS COURT HAS THE DUTY AND AUTHORITY TO CONTROL THE NOTICE PROCESS.

The Court "has discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs". Barnett v. Countrywide Credit Industries, Inc., 2002 U.S. Dist. LEXIS 9099, *1 (N.D. Tex. May 21, 2002) (citing Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)); Pontius v. Delta Fin. Corp., 2005 U.S. Dist. LEXIS 49801, *10 (W.D. Pa. Jun. 21, 2005). The Court may monitor the form and content of the notice to ensure that potential plaintiffs receive accurate and timely information about the pending collective action. Hoffmann—La Roche, 493 U.S. at 169; Nabarrette v. Propetro Servs., 2016 U.S. Dist. LEXIS 186374, *17 (W.D.

Tex. April 4, 2016.) In doing so, the Court has a responsibility to facilitate and monitor the content and efficient distribution of appropriate notice to potential opt-in class members. Pontius, 2005 U.S. Dist. LEXIS 49801, *17.

In Hoffmann-La Roche, the United States Supreme Court recognized that while class actions serve important goals, they also present opportunities for abuse. As such, "because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." Hoffmann-La Roche, 493 U.S. at 171 quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981). See also, Piekarski v. Amedisys Ill., Inc., 4 F. Supp. 3d 952, 954-5 (N.D. Ill. Nov 12, 2013). The potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice. Hoffmann-La Roche, 493 U.S. at 171.

## III. PLAINTIFFS SHOULD BE ENJOINED FROM VIOLATING THE COURT ORDER AND FROM HARASSING DEFENDANTS' CONTRACT PARTNERS

Plaintiffs have clearly violated the Court order in several ways.

First, the Court's February 7, 2024, Order very clearly limited the manner in which Plaintiffs could use text messages to solicit opt-in parties for Plaintiffs' FLSA claim. The Court permitted text messaging if and only if e-mail and mailed notices were returned undeliverable. As the Declarations of Mr. Petrov and Mr. Divekov reveal, Plaintiffs sent text messages to individuals on the Court-mandated list even though each of the individuals had previously received e-mails and letters on numerous occasions.[1]

---

[1] Defendants acknowledge that paragraph 5 of the Court's February 7, 2024 Order permits a reminder to go out "via reminder postcard, email, and text message." Taken in context, the reminder must be subject to the limitations of paragraph 4, or those limitations are rendered meaningless. The words "if and only if" in paragraph 4 have to mean something.

Second, the content of Plaintiffs' communications with potential members of the putative class misstates the law and is blatantly misleading. In the text message sent to what appears to be all persons on the list, Plaintiffs solicited each recipient to "opt-in" to the class through a notice that had not been court-approved. The link provided in each text message sends the recipient only to the Consent Form. The Court-approved notice <u>is not</u> included with the link.

Plaintiffs' omission of the Court-approved notice is material in light of the fact that the text message misstates the law. In the text message, Plaintiffs' counsel states "if you were a delivery driver and independent contractor for AN Enterprise…you have the right to join the lawsuit Latipov, et a. v. AN Enterprise Inc." Under FLSA, an independent contractor unquestionably does <u>not</u> have the right to pursue a minimum wage claim. <u>Labriola v. Clinton Entm't Mgmt., LLC</u>, 2016 U.S. Dist. LEXIS 37186, *7 (N.D. Ill. Mar. 22, 2016) <u>citing</u> <u>Reich v. ABC/York-Estes Corp.</u>, 64 F.3d 316, 322 (7th Cir. 1995). To tell the recipients of the text that an independent contract is entitled to "join the lawsuit" is to intentionally mislead the recipients in order to increase the opt-in class.

This is precisely why the Court-approved notice is so important. In the Notice approved by Judge Rowland, recipients were advised "you may be eligible to participate in this case because you have worked as a delivery driver for AN Enterprise during the last three years and *were classified as* an independent contractor." [Dkt. No. 22-1, p. 2] The Court-approved notice is clear that the Plaintiffs have made allegations and that a recipient may be entitled to participate. The text sent by Plaintiffs in violation of the Court order, on the other hand, states that *because the recipient was an independent contractor*, they can join the lawsuit against AN Enterprise. This misstatement of the law is particularly egregious where, as here, the Plaintiffs are actually arguing that the class members were <u>not</u>, in fact, independent contractors.

As indicated above, the Supreme Court has directed District Courts to supervise the notice process because of the potential for abuse. Here, not only have the Plaintiffs directly violated the Court's order and misrepresented the law, but the Plaintiffs' counsel have actively harassed the individuals identified on the Court-mandated list with multiple e-mails in addition to the unapproved and improper text messages.

Attached hereto are three Declarations from individuals that have received notices from the Plaintiffs.

Petko Divekov, the President of one of the owner-operators contracted with AN Enterprise, confirms that he received at least three e-mails from the Plaintiffs' attorneys in February and March 2024. He believes he may have received a letter from Plaintiffs' attorneys' as well. Even though he received each of the three e-mails, Plaintiffs also sent Mr. Divekov the text message quoted above on April 16, 2024. In all, Plaintiffs' counsel has harassed Mr. Divekov at least four times in English and Russian, including by an intrusive and unsanctioned text message.

Petar Petrov, the owner of another contractor that contracts with AN Enterprise, received two mailed letters from Plaintiffs' attorney, one in English and one in Russian. He also received three e-mails including in English and Russian. Despite the fact that none of the letters or e-mails were returned undelivered to Plaintiffs' counsel, Mr. Petrov received the text message quoted above. As with Mr. Divekov, Mr. Petrov has been harassed at least six times, including by an intrusive and unsanctioned text message.

Ulmar Sharopov, the principal of another operator that contracts with AN Enterprise received a letter from Plaintiffs' attorney containing the Notice and Consent Form. He also received at least two e-mail Notice and Consent forms, including on February 26, 2024, and March 25, 2024, including in English and in Russian. Finally, last week, Mr. Sharopov received the text

message quoted above despite the fact that none of the letters or emails sent to him were undeliverable.

These are a sample of three of numerous individuals that have contacted the President of AN Enterprise to notify her that they are receiving text messages. At this point, Plaintiffs' counsel is engaging in pure harassment. The United States Supreme Court recognized and confirmed the role of the District Court in managing the notice process to avoid this type of abuse. See Hoffmann-La Roche, 493 U.S. at 171. This Court needs to step in to prevent continued abuse by the Plaintiffs and to take steps to prevent Plaintiffs' attorneys and others like them from misusing the notice process to harass lawful businesses such as AN Enterprise and its contract partners.

For the reasons stated herein, Defendants respectfully request this Honorable Court to grant Defendants' motion and enter an Order as follows:

1. Order Plaintiffs and Plaintiffs' counsel to stop contacting individuals associated with AN Enterprise Inc. by text message; and / or

2. Order Plaintiffs and Plaintiffs' counsel to disclose every individual that received a text message from Plaintiffs or Plaintiffs' attorneys related to this case, the date of such text message, and the content of each such message; and / or

3. Dismiss each and every "opt-in" party that has received a text message from Plaintiffs' counsel; and / or

4. De-certify the conditional class because of Plaintiffs' counsel's gross violation of this Court's order regarding the Notice, including mischaracterization of the law and repeated harassment of potential class members; and/or

5. Grant such other and further relief as this Honorable Court deems just and reasonable.

Respectfully submitted,

AN ENTERPRISE INC. and
KOSTADINKA ZAGORSKA

By: /s/ Matthew P. Barrette
One of Defendants' Attorneys

7

Matthew P. Barrette
Ryan A. Mahoney
BLITCH WESTLEY BARRETTE, S.C.
1550 Spring Road, Suite 120
Oak Brook, IL 60523
(312) 283-4220
mbarrette@bwesq.com
rmahoney@bwesq.com

## CERTIFICATION OF COUNSEL

On April 22, 2024, the undersigned requested a response as to whether Plaintiffs' counsel objected to the present motion. On April 23, 2024, Plaintiffs' counsel stated that they objected.

/s/ Matthew P. Barrette

## CERTIFICATE OF SERVICE

I, Matthew P. Barrette, certify that I caused the foregoing Motion to be filed utilizing the Court CM/ECF Filing system on April 23, 2024, which will serve a copy of the foregoing document on the following counsel of record by electronic means.

*/s/ Matthew P. Barrette*

Harold L. Lichten
Olena Savytska
Lichten & Liss-Riordan P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
hlichten@llrlaw.com
osavytska@llrlaw.com

Bradley S. Manewith
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, Illinois 60062
bmanewith@llrlaw.com