IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORZY LATIPOV and UMAR NAZAROV, individually & on behalf of others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> AN ENTERPRISE INC., and KOSTADINKA ZAGORSKA, <br><br> Defendants. | Case No.; 1:23-CV-01859 <br><br> Hon. Judge Sunil R. Harjani |

**MOTION TO STAY BRIEFING AND/OR FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION FOR RULE 23 CLASS CERTIFICATION**

Now Come the Defendants AN Enterprise Inc. and Kostadinka Zagorska, by and through their attorneys Blitch Westley Barrette S.C., and Defendants hereby move this Honorable Court for an Order to Stay Briefing and/or grant Defendants additional time of at least sixty (60) days to conduct discovery prior to being required to file its response in opposition to Plaintiff's Motion for Rule 23 Class Certification. In support of this Motion, Defendants state as follows:

**I.     Introduction:**

Defendants require additional time beyond the currently set response date of July 3, 2024, because Defendants need to conduct oral discovery of the three new individuals who have submitted Declarations in support of Plaintiffs' Motion for Rule 23 Class Certification, and because of the complexity of the issues involved.[1]

---

[1] The undersigned also requests additional time because I have previously scheduled a family vacation from June 30, 2024 through July 6, 2024 which clearly reduces the amount of time available to address the complex issues involved.

1

## II. Background:

Plaintiffs Orzy Latipov and Umar Nazarov filed a three-count Amended Complaint alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA) and the deductions and expense reimbursement provisions of the Illinois Wage Payment and Collection Act (IWPCA).

On June 21, 2023, Plaintiffs filed a Motion for Conditional Class Certification on their FLSA claim. That motion was fully briefed and on February 7, 2024, Judge Rowland granted Plaintiffs' Motion approving the issuance of notice to potential opt-in parties.

On March 1, 2024, Plaintiffs filed the first two of eighteen opt-in notices identifying two individuals desiring to be part of the opt-in class: McKinsey Thompson and Torry Anderson. A week later, on March 8, 2024, Defendants served Requests for Production and a request for available deposition dates for the two opt-in parties. Plaintiffs objected, and on March 21, 2024, Plaintiffs filed a Motion for Protective Order seeking to prevent Defendants from obtaining discovery on the opt-in parties at the time.

On April 11, 2024, Magistrate Judge Appenteng assumed jurisdiction over the pending discovery motions in this case including, but not limited to, Plaintiffs' motion for protective order regarding opt-in discovery. On May 21, 2024, after requesting clarification from Plaintiffs, Magistrate Judge Appenteng granted Plaintiffs' motion for protective order and stayed all opt-in discovery until after the opt-in period closed on May 26, 2024. On June 10, 2024, pursuant to Magistrate Judge Appenteng's order, the parties submitted a joint status report outlining the parties' respective positions on the scope of opt-in discovery, but no ruling has been issued as of yet. The net effect of the Plaintiffs' objections to Defendants' discovery requests since March 8, 2024, is

2

that Defendants have been unable to obtain responses to discovery until all pending motions are resolved.

On Monday, June 10, 2024, Plaintiffs' filed their Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23 for the purpose of pursuing claims under the IWPCA for allegedly improper deductions and expense reimbursement.[2] In their motion, Plaintiffs request this Court to certify a class of "individuals who entered into a contract with AN Enterprise to perform delivery services; who personally made deliveries for AN Enterprise full-time between March 2013 and the present and who were classified as independent contractors."

In support of their motion, Plaintiffs attach the Declarations of three individuals – Jason Vestal, Jason Garrett, and Dmitrii Poltavtsev – in addition to the originally-named Plaintiffs. Each of these three individuals have also opted-in to the FLSA conditional class but, because of Plaintiffs' objections and the pending discovery motions before Magistrate Judge Appenteng, Defendants have been unable to conduct discovery as to any of the three.

In each of their Declarations, the three new individuals assert that they worked as a "delivery driver" for AN Enterprise, that they received statements from AN Enterprise, that AN Enterprise took deductions from their weekly pay, among several other assertions. Defendants own records indicate that these assertions are untrue. Defendants' own records show that AN Enterprise never paid any of the three new individuals directly. Rather, each of the three new individuals drove trucks owned by unrelated third parties who were responsible for paying them. At a minimum, AN Enterprise should have the opportunity to inquire as to the statements made in each of the witnesses' Declarations. However, Defendants' attempts to pursue discovery to date have

---

[2] Plaintiffs did not contact counsel for the Defendants prior to filing their Motion for Class Certification in contravention of the Court's standing order that "Before filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion." Had Plaintiffs done so, the parties could have discussed Defendants' discovery needs and arrived at a mutually-agreeable briefing schedule.

3

been stymied by Plaintiffs' objections and waiting for the Magistrate Judge's decision permitting the parties to proceed with discovery.

### III. Fed. R. Civ. Proc. 23 Contemplates That the Parties Will Need Discovery in Aid of and in Opposition to the Certification Decision.

Federal Rule of Civil Procedure 23 permits one or more members of a class to sue as a representative party on behalf of all class members where, among other things, there are questions of law or fact common to the class, and the claims or defenses of the representative parties are typical of the claims of the class. FED R. CIV. P. 23(a)(2) & (a)(3). When a plaintiff files a Motion for Class Certification, the Advisory Committee notes to Rule 23 recognize that discovery is necessary to aid in the certification decision:

> Time may be needed to gather information necessary to make the certification decision. Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis.

FED R. CIV. P. 23, Notes of Advisory Committee on 2003 amendments.

In this matter, the nature of the business relationship between purported class representative Orzy Latipov and AN Enterprise is markedly different that the nature of the business relationship between the other purported class representative Umar Nazarov and AN Enterprise. Furthermore, the nature of the business relationship between the three newly-identified individuals and AN Enterprise is even more unlike the business relationship between Latipov and AN Enterprise. This is material to Plaintiffs' motion because in order to certify a class, Plaintiffs must show a commonality of fact or law and that the claims alleged by Latipov and/or Nazarov are typical of the claims of the other potential class members.

Latipov was the owner of a limited liability company that initially contracted with AN Enterprise in exchange for payment of 30%, then 35%, of gross revenue received from their customer, without any deductions being taken out. After six months, AN Enterprise paid Latipov's company 90% of gross revenue on each load transported, with AN Enterprise deducting truck lease payments and other operating expenses. Nazarov, on the other hand, contracted with AN Enterprise as a sole proprietor of his business Starway Trans. Unlike Latipov, Nazarov owned his own truck and AN Enterprise did not deduct lease payments for the truck from payments to Starway Trans.

The three new individuals appear to have had an entirely different contractual arrangement whereby AN Enterprise did not pay any of them or any business entity owned by them. Because AN Enterprise did not pay them and was not responsible for paying them, AN Enterprise could not have taken deductions from any of them. Each of their Declarations state differently. Therefore, discovery is needed to understand their claims and to address whether the claims of Latipov and Nazarov are typical of the claims of the entire class and whether there are issues of fact or law in common.[3]

**IV. Conclusion:**

For the reasons as stated herein, Defendants respectfully request this Honorable Court enter an Order Staying Briefing on Plaintiffs' Motion for Rule 23 Class Certification and/or granting Defendants' an additional sixty (60) days to conduct discovery in order to adequately respond to Plaintiffs' request for Class Certification, or grant such other and further relief as this Honorable Court deems just and reasonable.

---

[3] Defendants' counsel contacted counsel for Plaintiffs to inquire as to whether they object to this motion on June 14, 2024 and Plaintiffs' counsel has not yet responded.

                                                                Respectfully submitted,

                                                                AN ENTERPRISE INC. and
                                                                KOSTADINKA ZAGORSKA

                                                                By: */s/* Matthew P. Barrette
                                                                        One of Defendants' Attorneys

Matthew P. Barrette
Ryan A. Mahoney
BLITCH WESTLEY BARRETTE, S.C.
1550 Spring Road, Suite 120
Oak Brook, IL 60523
(312) 283-4220
mbarrette@bwesq.com
rmahoney@bwesq.com

**CERTIFICATE OF SERVICE**

       I, Matthew P. Barrette, certify that I caused the foregoing Motion to be filed utilizing the Court CM/ECF Filing system on June 17, 2024, which will serve a copy of the foregoing document on the following counsel of record by electronic means.

                                                                      */s/ Matthew P. Barrette*

Harold L. Lichten
Olena Savytska
Lichten & Liss-Riordan P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
hlichten@llrlaw.com
osavytska@llrlaw.com

Bradley S. Manewith
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, Illinois 60062
bmanewith@llrlaw.com