UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORZY LATIPOV and UMAR NAZAROV, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AN ENTERPRISE, INC. and KOSTADINKA ZAGORSKA,<br><br>Defendants. | Civil Action No. 1:23-cv-01859 |

### PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF CLASS CERTIFICATION

In response to the Court's Order dated May 14, 2025 (Dkt. 162), Plaintiffs, through their counsel, make this supplemental submission. The Court asks Plaintiffs "to file . . . the list referenced on page eight, footnote five [of the Memorandum in support of their Motion for Class Certification]. This list should include: (1) how many total individuals provided deliveries for AN Enterprises since March 2013; and (2) how many individuals provided deliveries for AN Enterprises in Illinois since March 2013." Id.

As noted on p. 8, fn. 5, of Plaintiffs' Memorandum in support of their Motion for Class Certificaiton (Dkt. 99), the collective list provided by Defendants, produced in response to the Court's Order granting conditional certification, which covers the time period of 2020-2023, includes over 200 individuals. This list is attached hereto as Exhibit 1. Plaintiffs have redacted the home addresses and contact information of the collective action members.

As set out in Plaintiffs' Renewed Motion to Compel, Plaintiffs requested from Defendants a class list covering the time period of 2013 to the present, which Defendants declined to provide.

1

Dkt. 127. Plaintiffs anticipate that, should class certification be granted, Defendants will be ordered to provide a class list going back to 2013. Defendants have indicated in prior briefing that there are "hundreds (if not thousands) of drivers" who drove for AN Enteprise during the time period of 2013 to the present. Dkt. 131, p. 1.

Further, while the Court's Order asks "how many individuals provided deliveries for AN Enterprises in Illinois since March 2013", Plaintiffs make clear in their class certification briefing that Plaintiffs and class members in this case **all** performed work for an Illinois-based company, driving trucks and trailers registered in Illinois; reported to Illinois to complete their hiring paperwork and orientation; and signed contracts with AN Enterprise which contained an Illinois choice-of-law provision. Accordingly, Plaintiffs' position, supported by the caselaw, is that the IWPCA applies to **all** work performed by **all** class members, given that the Defendants were based in Illinois, directed the drivers' work from Illinois, and required all drivers to be bound by an Illinois "choice of law" provision.[1] Nevertheless, Defendants have provided approximately 18,000 pages of pay statements for the class members in this case, which include the city and state of each delivery trip made by class members. Based on a preliminary review of these statements, more than 11,000 deliveries (about 20% of the total deliveries listed in the pay statements) were to or from the state of Illinois. See Declaration of Muskan Garg, attached hereto as Exhibit 2.

---

[1] See Prokhorov v. IIK Transport, Inc., 2023 WL 2711599, at *4 (N.D. Ill. Mar. 30, 2023) ("Individualized evaluation of class members' time in Illinois will not be necessary to resolve the questions common to the class."); Tsybikov v. Dovgal, 2022 WL 1238853, at *3 (N.D. Ill. Apr. 27, 2022) (granting class certification even though "the vast majority [of class members] are not Illinois residents and [] the drivers did the majority of their driving outside Illinois"); Yata v. BDJ Trucking Co., 2018 WL 3303290, at *5 (N.D. Ill. July 5, 2018) ("No court of binding authority has set forth a minimum quantum of work in Illinois to qualify as an employee under the [IWPCA]."); see also Johnson v. Diakon Logistics, 2025 WL 964939, at *8 (N.D. Ill. Mar. 31, 2025) (rejecting Defendant's argument that that "*only* work performed in Illinois is covered by the IWPCA").

May 15, 2025                                    Respectfully submitted,

                                                /s/ Olena Savytska

                                                Harold L. Lichten (*pro hac vice*)
                                                Olena Savytska (*pro hac vice*)
                                                Lichten & Liss-Riordan, P.C.
                                                729 Boylston Street, Ste. 2000
                                                Boston, MA 02116
                                                Tel. (617) 994-5800
                                                Fax (617) 994-5801
                                                hlichten@llrlaw.com
                                                osavytska@llrlaw.com


                                                Bradley Manewith, IARDC # 6280535
                                                Lichten & Liss-Riordan, P.C.
                                                5 Revere Drive, Suite 200
                                                Northbrook, IL 60062
                                                Tel. (617) 994-5800
                                                Fax (617) 994-5801
                                                bmanewith@llrlaw.com

                                                *Attorneys for the Plaintiffs and the Proposed Class*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 15th day of May, 2025.


                                                s/ *Olena Savytska*

                                                Olena Savytska

3